IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA )
)
v. ) 1:02cr25 (JCC)
)
JAMAL MITCHELL, )
)
Defendant. )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Motion for Return of Seized Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. For the following reasons, the Court will deny Defendant's Motion.

**I. Background**

On January 24, 2002, Defendant Jamal Mitchell ("Defendant") was indicted on one count of conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base within 1,000 feet of a public school, in violation of 21 U.S.C. § 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). The indictment also included a forfeiture provision, which listed a variety of property to be forfeited, including numerous items that were seized during an October 25, 2001 search of the real property located at 436 Clayton Lane, Alexandria, Virginia ("436 Clayton Lane"), as well as the real property itself. The October 2001

search was executed by federal agents pursuant to a search warrant issued by United States Magistrate Judge Welton Curtis Sewell in the Eastern District of Virginia.

The search of 436 Clayton Lane, as well as searches of other locations, led to several orders of forfeiture.[1] On January 17, 2002, this Court entered an Order of Forfeiture for Latasha Renee Sinclair-Mitchell, Defendant's wife, who had pled guilty to conspiracy to commit money laundering. Notice of his wife's forfeiture was sent to and received by Defendant at the Alexandria Detention Center where he was being held pending trial. On April 17, 2002, following his conviction on both counts of the indictment, this Court entered an Order of Forfeiture for Defendant. This Order forfeited almost exactly the same property that was forfeited in Defendant's wife's forfeiture order. Then, on August 23, 2002, pursuant to a Stipulation and Settlement Agreement, this Court ordered that the $7,500 in United States currency that was paid to the United States by Mrs. Melva Thomas Dow be forfeited.

On July 24, 2002, Defendant was sentenced to 360 months' imprisonment as to the conspiracy to distribute count, and 120 months' imprisonment as to the conspiracy to commit money laundering count, set to run concurrently. Defendant appealed

[1] Prior to the entry of any forfeiture order, Defendant conveyed his interest in the real property at 436 Clayton Lane to his wife by deed dated January 10, 2001.

his conviction, which was affirmed on July 31, 2003. *See United States v. Mitchell*, 70 Fed. Appx. 707 (4th Cir. 2003) (unpublished). On September 15, 2003, and again on November 7, 2003, Defendant moved pursuant to Federal Rule of Criminal Procedure 41 for the return of seized personal property and documents no longer needed as evidence in a criminal proceeding and not subject to forfeiture. The Government agreed to return most, though not all, of the property sought by Defendant. Subsequently, on January 12, 2005, Defendant filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255, which this Court denied on April 9, 2007.

On October 22, 2007, Defendant filed the instant Motion for Return of Seized Property pursuant to Fed. R. Crim. P. 41(g). This matter is currently before the Court.

## II. Analysis

Defendant seeks the return of some of the property that was seized during the October 2001 search of 436 Clayton Lane, as well as 436 Clayton Lane itself, all of which was forfeited in both Defendant's and his wife's forfeiture orders. Defendant also seeks the return of the $7,500 in U.S. currency that was forfeited in the August 23, 2002 Order of this Court.

Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move

for the property's return." Fed. R. Crim. P. 41(g). A Rule 41(g) motion should be denied "if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture[,] or the government's need for property as evidence continues." *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002)(quoting *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993)). The Government argues that because all of the property Defendant asks to be returned was previously forfeited, Rule 41(g) does not provide him with an avenue for relief. Defendant argues that the property at issue was not properly forfeited, and therefore he is entitled to lawful possession of it and may seek its return under Rule 41(g).

Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture becomes final as to a defendant at sentencing and "must be made a part of the sentence and be included in the judgment." Fed. R. Crim. P. 32.2(b)(3). Similarly, the applicable forfeiture statute, 21 U.S.C. § 853(a), provides that the court, "in imposing sentence on [a person subject to forfeiture], shall order . . . that the person forfeit to the United States all property described in this subsection." Here, it is undisputed that Defendant's Order of Forfeiture was not made a part of the sentence and was not included in the judgment. Defendant contends that this oversight renders the forfeiture improper and entitles him to his forfeited

property.

In the direct appeal of his conviction, Defendant made a similar argument: that the order of forfeiture entered against him should be vacated because it was never incorporated into the judgment of conviction and sentence. The Fourth Circuit held, in rejecting Defendant's claim, that this Court's failure to incorporate the forfeiture order "was simply a ministerial error that did not seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Mitchell*, 70 Fed. Appx. at 715. The Fourth Circuit grounded its decision in the fact that Defendant had notice of the pending forfeiture through the indictment, bill of particulars, and preliminary order of forfeiture, and because neither Defendant nor his counsel ever challenged the forfeiture prior to the appeal. *Id.* at 714.

Thus, the Fourth Circuit has already decided this issue, and the forfeiture order issued by this Court as to Defendant stands. Defendant cannot now use Rule 41(g) as an end-run around that decision to collaterally attack the forfeiture. Regarding the $7,500 in U.S. currency that Defendant also seeks, Defendant makes no claim that this Court's August 23, 2002 forfeiture order is somehow improper. Therefore, because all of the property that Defendant seeks has been forfeited, he is not entitled to its return under Rule 41(g), and the Court will deny Defendant's Motion for Return of Seized Property.

## III. Conclusion

For these reasons, the Court will deny Defendant's Motion for Return of Seized Property.

An appropriate Order will issue.

August 20, 2008
Alexandria, Virginia

_______________/s/__________________
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE