```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division

JAMAL MITCHELL,                 )
                                )
     Petitioner,                )
                                )
          v.                    )     1:02cr25
                                )
UNITED STATES OF AMERICA,       )
                                )
     Respondent.                )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Jamal Mitchell's ("Petitioner") Motion Under Rule 60(b) to Vacate or Set Aside Criminal Judgment. [Dkt. 158.] For the reasons set forth below, the Court will deny Petitioner's motion.

### I. Background

On April 17, 2002, a federal jury in the Eastern District of Virginia convicted Petitioner of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1957. *See United States v. Mitchell*, 70 F. App'x 707, 709 (4th Cir. 2003). This Court subsequently sentenced Petitioner to 360 months imprisonment and 10 years supervised release for the drug conspiracy count, and 120 months imprisonment and 3 years supervised release for the money laundering count. *Id.* at 710.

1

Petitioner timely filed an appeal claiming, among other things, that the overt acts alleged in the indictment were insufficient to establish venue in the Eastern District of Virginia. *See Mitchell*, 70 F. App'x at 710-13. On July 31, 2003, the Fourth Circuit affirmed Petitioner's conviction. *Id.* Petitioner then filed a petition for writ of certiorari, which the Supreme Court denied on January 12, 2004. *See Mitchell v. United States*, 540 U.S. 1135 (2004).

After exhausting his avenues of direct appeal, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, again alleging that venue was improper in the Eastern District of Virginia. [Dkt. 109.] On April 9, 2007, the Court denied Petitioner's motion. (Mem. Op. [Dkt. 115] Apr. 9, 2007.) The Fourth Circuit denied Petitioner's request for a certificate of appealability on November 29, 2007. *See United States v. Mitchell*, 256 F. App'x 603 (4th Cir. 2007).

After seven years without any activity in this matter, Petitioner filed the instant motion on January 8, 2014. (Rule 60(b) Mot. at 1.) Petitioner styles his motion under Federal Rule of Civil Procedure 60(b), and he advances four grounds for relief: (1) "[t]he District Court for the Eastern District of Virginia did not have statutory authority" over the drug conspiracy count; (2) "[t]he legal proceedings contain a jurisdictional error"; (3) "[this Court] lacks territorial

jurisdiction over" the drug conspiracy count; and (4) "[c]oconspirator acts are not attributable to [Petitioner]." (*Id.*)  Boiled down, Petitioner argues that this Court lacked jurisdiction to try him on count one because his own acts within this district were insufficient to support venue, and his co-conspirator's acts in this district should not be attributed to him.  (*Id.* at 11-23.)  These are the same arguments previously advanced by Petitioner on direct appeal and in his post-conviction habeas motion.

The Government filed its opposition on February 28, 2014, arguing that Petitioner's motion is in fact a successive habeas petition that should be denied because he has not obtained pre-filing authorization from the Fourth Circuit as required.  [Dkt. 163.]  Petitioner's motion for relief under Rule 60(b) is now before the Court.

## II. Analysis

In *United States v. Winestock*, the Fourth Circuit held that "district courts must treat Rule 60(b) motions as successive [habeas] applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application[.]'" 340 F.3d 200, 206 (4th Cir. 2003) (citations omitted).  To determine whether a filing is a proper Rule 60(b) motion for

3

reconsideration as opposed to an improper successive § 2255 petition, the Court looks to whether "a motion directly attack[s] the prisoner's conviction or sentence" or "seek[s] a remedy for some defect in the collateral review process." *Id*. at 206. "There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion [under Rule 60(b)]." *Id.* at 207.

In his current motion, Petitioner essentially elaborates and raises the same arguments presented on direct appeal and in his first § 2255 motion. Thus, the Court agrees with the Government that Petitioner's motion is, in actuality, a successive § 2255 petition – it clearly and directly attacks his conviction rather than some defect in process that would be cognizable under an authentic Rule 60(b) motion. *See Moody v. Maynard*, 105 F. App'x 458, 463 (4th Cir. 2004) ("Because [petitioner] merely used his motion for rehearing to repeat the same factual bases for the claims he asserted in his [previous habeas] application, his motion appears to assert successive claims for habeas relief.").

Under current federal law, a prisoner in federal custody must make a threshold showing in order to file a second or successive § 2255 motion in this Court. *See* 28 U.S.C. § 2255(h). A second or successive motion must first be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Since Petitioner has not submitted any evidence of having obtained the requisite certification from the Fourth Circuit, his current motion must be dismissed for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).[1]

### III. Conclusion

For the foregoing reasons, Petitioner's Motion Under Rule 60(b) to Vacate or Set Aside Criminal Judgment will be denied. An appropriate Order will issue.

|  | /s/ |
|---|---|
| March 7, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

---

[1] Even if this Court maintained jurisdiction, Petitioner's motion is untimely. Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time," but in this case, Petitioner's motion comes more than ten years after his sentence was imposed, and is therefore untimely. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citations omitted)).